COBB, Judge.
The issue on this appeal, from an order of the Unemployment Appeals Commission, is whether Stephen Kirkland’s refusal to take a random drug test was sufficient to constitute misconduct and, thus, serve as a basis for the denial of unemployment compensation benefits.
The facts are generally not in dispute. According to Kirkland, he clocked out on March 6, 1995, but was asked to do some work on a door, which he did. About this time, his supervisor told him to go to the nurse’s station for a drug test. Kirkland complained he was ill and since he had already clocked out went home. When he reported the next day he was tested. He had previously taken approximately five drug tests for the company. On March 10, 1995, he was discharged. The reason for discharge was listed as noncompliance with company policy.
The claims adjuster determined that Kirkland was eligible for benefits and an appeal was filed by the employer in front of an appeals referee. At the hearing, the human relations manager for the employer testified that Kirkland was aware of the written random drug screening policy because he signed an acknowledgment to that effect and it was listed in the handbook which Kirkland had received. The appeals referee concluded that Kirkland had failed to comply with a “reasonable work order” since he had no discretion to refuse to go to the drug test; thus, his actions represented “misconduct connected with work.” The factual findings of the appeals referee clearly indicated that Kirkland was off the clock when told to report for the random drug test. The decision was appealed to the Unemployment Appeals Commission and affirmed on December 5, 1995. The Commission reiterated that Kirkland’s failure to follow the supervisor’s directive constituted misconduct connected with work. Kirkland appeals, maintaining that since he was off the clock, the employer’s request was an “unreasonable demand.”
The instant record shows that Kirkland had consented to a drug test on five different occasions and had signed a consent for drug testing when the policy was implemented in 1993 and again in 1994 when the new handbook came out. It would appear that the employer did in fact have a reasonable expectation that Kirkland would take a drug test. But the record also shows, without dispute, that Kirkland was indeed off the clock when the request was made. Thus, it was not unreasonable for him to assume he did not have to comply at that time. This certainly creates enough ambiguity to eliminate the “willful” and “wanton” aspects of Kirkland’s alleged misconduct. Accordingly, the order of the Unemployment Appeals Commission is reversed and remanded for reinstatement of the initial determination mailed July 3, 1995.
REVERSED AND REMANDED.
W. SHARP, and GOSHORN, JJ., concur.